UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CATONYA SCONIERS, *as Personal Representative of the Estate of Patrick P. Thomas*,<br><br>Plaintiff,<br><br>v.<br><br>HENRY FENRICK, *et al.*,<br><br>Defendants.<br>_______________________________/ | Case No. 4:24-cv-12425<br><br>Hon. F. Kay Behm<br>United States District Judge |

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S MARCH 25, 2026 REPORT AND RECOMMENDATIONS (ECF Nos. 41, 42, 43) AND OVERRULING PLAINTIFF'S OBJECTIONS (ECF Nos. 45, 46)**

## I. PROCEDURAL HISTORY

Plaintiff Catonya Sconiers, as Personal Representative of the Estate of Patrick P. Thomas, is suing multiple defendants alleging an Eighth Amendment *Monell* claim and negligence/gross negligence arising out of Thomas's death while in custody at the Gus Harrison Correctional Facility. ECF No. 18, Amended Complaint. This case was referred to Magistrate Judge Anthony P. Patti for all pretrial proceedings. ECF No. 10. On June 11, 2025, the MDOC Defendants filed a motion to dismiss, in which Defendant Ellis concurred. ECF Nos. 23, 36. On

August 18, 2025, the Care One Defendants filed a motion to dismiss or alternatively for summary judgment. ECF No. 33.

On March 25, 2026, Judge Patti issued three Report and Recommendations (R&Rs) recommending that the Court dismiss eight defendants for Plaintiff's failure to serve (ECF No. 41); grant Care One Defendants' motion to dismiss (ECF No. 42); and grant MDOC Defendants' motion to dismiss or alternatively, for summary judgment, in which Defendant Ellis concurred, and decline to exercise supplemental jurisdiction over Plaintiff's related state law claims (ECF No. 43). Plaintiff has filed a "response" to each R&R, as well as objections to Judge Patti's March 25, 2026 Order denying Plaintiff's motion for leave to file a second amended complaint. ECF No. 46. Defendants have filed responses to Plaintiff's filings. ECF Nos. 47, 48, 49, 50, 51, 52.

For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections; **ACCEPTS** and **ADOPTS** the Magistrate Judge's R&Rs; **GRANTS** MDOC Defendant's motion to dismiss (ECF No. 23), in which Defendant Ellis concurred (ECF No. 36), and declines to exercise supplemental jurisdiction over Plaintiff's related state law claims; **GRANTS** Care One Defendants' motion to dismiss (ECF No. 33); and **DISMISSES** the remaining eight defendants without prejudice for failure to serve.

## II. STANDARD OF REVIEW

### A. Non-Dispositive Orders

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings are reviewed under the clearly erroneous standard and will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard and will be reversed only if they fail to apply or misapply relevant statues, case law, or rules of procedure. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A district court may not reverse a magistrate judge's ruling simply because the court would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Systems*, 47 F.Supp.3d

536, 538 (E.D. Mich. 2014); *see also Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).

**B. Report and Recommendations**

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The filing of vague, general or conclusory objections to a magistrate judge's report and recommendation is tantamount to a complete failure to object. *Fields v. Lapeer 71–A Dist. Ct. Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001); *see also Seals v. Seals*, 2014 WL 3592037, at *2 (W.D. Tenn. July 21, 2014) ("Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general

objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely.")); *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995))).

Moreover, objections must be sufficiently clear so that the district court can "discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380 (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And when objections are "merely perfunctory responses…rehashing…the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the

plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

## III. ANALYSIS

### A. March 25, 2026 Order

Plaintiff's original complaint was filed on September 13, 2024, and named only the Michigan Department of Corrections (MDOC), the Gus Harrison Correctional Facility (ARF), and Henry Fenrick. ECF No. 1. On January 22, 2025, the MDOC, ARF, and Fenrick filed a motion to dismiss. ECF No. 11. After a status conference on April 30, 2025, Judge Patti permitted Plaintiff to file an amended complaint by May 14, 2025. ECF Nos. 16, 17. In that Order, Plaintiff was "encouraged to take into consideration the arguments put forth in Defendants' pending motion to dismiss." ECF No. 17, PageID.308. Plaintiff then filed an amended complaint on the deadline, naming 20 individual defendants but not the MDOC or ARF (ECF No. 18), and Judge Patti entered a text-only order mooting the pending motion to dismiss Plaintiff's original complaint. On June 11, 2025, the MDOC Defendants filed a motion to dismiss (ECF No. 23), and on August 18, 2025, the Care One Defendants filed a motion to dismiss (ECF No. 33). Plaintiff filed a response only to the MDOC Defendants' motion, and the Care One Defendants' motion remained unopposed.

On February 2, 2026, eight months after the court's deadline to file an amended complaint and after the briefing deadlines for both motions to dismiss had long passed, Plaintiff filed a motion for leave to file a second amended complaint naming the same defendants. ECF No. 37. Judge Patti issued an order on March 25, 2026, denying the motion. ECF No. 40. In it, he explained that the request to amend was unduly delayed because the MDOC Defendants had filed two motions to dismiss for each of Plaintiff's two complaints, and Plaintiff was given the opportunity to cure any deficiencies pointed out in the first motion by May 14, 2025, which she took advantage of by filing her first amended complaint. *Id.*, PageID.868-869. Judge Patti further explained that amendment would be futile, in part because the proposed second amended complaint did not clarify the personal involvement of at least 16 of the 20 defendants, and it continued to allege Fourteenth Amendment claims that had been dropped in the first amended complaint. *Id.*, PageID.873-875.

Plaintiff now argues that the order denying her motion to amend erred by finding undue delay, undue prejudice and repeated failure to cure, and futility, and by "improperly weigh[ing] pleading deficiencies instead of applying Rule 15's liberal standard." ECF No. 46.

Under Federal Rule of Civil Procedure 15(a)(2), at this stage of the proceedings "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, Rule 15(a)(2) embodies a "liberal amendment policy." *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2010). However, leave to amend may be denied when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* at 443. A proposed amendment is considered futile if "the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Plaintiff argues that the Sixth Circuit "has made clear that 'delay alone will ordinarily not justify denial of leave to amend,'" and that the delay must instead be coupled with prejudice. ECF No. 46, PageID.939 (quoting *Comm. Money Ctr. v. Ill. Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007); *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). It is true that "[d]elay alone will ordinarily not justify the denial of leave to amend; however, delay will at some point become undue, placing an unwarranted burden on the court, or prejudicial, placing an unfair

burden on the opposing party." *Comm. Money Ctr.*, 508 F.3d at 347 (quoting *Morse*, 290 F.3d at 800). As Judge Patti explained,

> Here, the MDOC Defendants have filed a combined two motions to dismiss, with the first seeking to dismiss the original complaint and the second seeking to dismiss the FAC (*see* ECF Nos. 1, 11, 18, 23), and Plaintiff was given the opportunity to cure the deficiencies pointed out in the first such motion with a strict deadline of May 14, 2025, *i.e.*, ten months ago. Defendants are prejudiced by having to repeatedly prepare motions to dismiss based on pleadings that Plaintiff cannot seem to finalize, even when given the opportunity to do so.

ECF No. 40, PageID.868-869. Further, Judge Patti explained that Plaintiff had already failed to cure the deficiencies present in Plaintiff's amended complaint because

> at the time Plaintiff was permitted to file her FAC, she had the benefit of the six arguments presented in Defendant Fenrick's January 22, 2025 motion to dismiss the original complaint, to which she responded on March 14, 2025, and she also had the benefit of Defendant Fenrick's March 28, 2025 reply. Notwithstanding Defendant Fenrick's January 22, 2025 argument that MDOC and ARF were entitled to dismissal of the Monell claims, "because Monell only applies to municipalities," Plaintiff's subsequently filed and currently operative, May 14, 2025 FAC includes a "Monell claim pursuant to 42 U.S.C. § 1983," as to "all Defendants," alleging "violation of the Eighth Amendment of the United States Constitution."

*Id.*, PageID.870 (record citations omitted). He also explained that the proposed second amended complaint reintroduced mention of the Fourteenth Amendment, which had been dropped by the first amended complaint in

response to the original motion to dismiss arguing that the claims were more properly brought under the Eighth Amendment. Overall, Judge Patti's findings of undue delay and repeated failure to cure the deficiencies were not clearly contrary to law and each provided a basis for denying Plaintiff's motion to amend.

Plaintiff also argues that in finding futility, Judge Patti "exceed[ed] the limited inquiry permitted at the amendment stage." ECF No. 46, PageID.941. However, a motion to amend the complaint is properly denied if the amendment would be futile, *i.e.*, if the amendment could not withstand a Rule 12(b)(6) motion to dismiss, which necessarily requires analysis of whether the proposed amended complaint states a claim upon which relief can be granted. Judge Patti, on reviewing the proposed amended complaint, concluded that amendment would be futile in part because the complaint still failed to clarify the personal involvement of at least sixteen defendants and continued to allege *Monell* claims against individual defendants. This finding was not contrary to law.

Overall, although Plaintiff disagrees with the outcome, Judge Patti applied the proper standard and came to a well-reasoned conclusion on why Plaintiff should not be allowed to amend the complaint a second time. Plaintiff's objections to this order are therefore **OVERRULED.**

### B. March 25, 2026 R&Rs

The Court assumes familiarity with the facts. In the first R&R, Judge Patti recommends that Defendants Jindal, Janowiecki, Fry, Muzirman, Sprang, Hill, Bhavsar, and Coleman be dismissed for Plaintiff's failure to demonstrate compliance with Fed. R. Civ. P. 4(m). ECF No. 41. In the second R&R, he recommends granting the Care One Defendants' motion to dismiss (ECF No. 33), which was unopposed, because the complaint fails to state a claim against any of the individual Care One Defendants. ECF No. 42. In the third R&R, he recommends granting the MDOC Defendants' motion to dismiss, or alternatively, for summary judgment because Plaintiff has failed to state a claim of deliberate indifference or municipal liability against any of the MDOC Defendants, and he further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. ECF No. 43.

Plaintiff has filed a document that contains "responses" to each of Judge Patti's R&Rs but does not contain objections to each. ECF No. 45. In response to Judge Patti's recommendation that the eight unserved defendants be dismissed (ECF No. 41), she requests that the defendants be dismissed without prejudice. *Id.*, PageID.927. In response to Judge Patti's recommendation that the MDOC Defendants' motion be granted, she appears to generally restate her arguments about why the motion should be denied. ECF No. 45-1, PageID.928. In response

to the recommendation that the Care One Defendants' motion be granted, she indicates only that she "relies on the merits and arguments filed in her response to" the R&R on the MDOC Defendants' motion. ECF No. 45-2, PageID.936.

As Defendants point out, none of Plaintiff's responses contain objections or citations to specific provisions of the R&Rs that she believes were erroneous. Each of Judge Patti's R&Rs instructed that "objections must be labeled as 'Objection No. 1,' and 'Objection No. 2,' etc." and that each objection "must recite precisely the provision of this Report and Recommendation to which it pertains." Each R&R also warned that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 43, PageID.923) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991)). Instead of properly objecting, Plaintiff merely states her disagreement with Judge Patti's conclusions and restates the arguments that she made in her responses to the motions, which is impermissible.

As such, Plaintiff has waived any objections by failing to properly label her objections and by failing to point to specific findings in any of the R&Rs that she disagrees with, accompanied by an explanation for the basis of her disagreement. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Pearce v. Chrysler Grp. LLC*

*Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018); *see also, e.g.*, *Carr v. Comm'r of Soc. Sec.*, No. 2:21-cv-11307, 2022 U.S. Dist. LEXIS 145495, at *4 (E.D. Mich. Aug. 15, 2022) (merely restating previous arguments does not sufficiently identify alleged errors on the part of the Magistrate Judge and waives those arguments). Nevertheless, the Court has reviewed the R&R and agrees with its analysis and conclusions. Plaintiff's objections are therefore **OVERRULED.**

## IV. CONCLUSION

For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections; **ACCEPTS** and **ADOPTS** the Magistrate Judge's R&Rs; **GRANTS** MDOC Defendant's motion to dismiss (ECF No. 23), in which Defendant Ellis concurred (ECF No. 36), and declines to exercise supplemental jurisdiction over Plaintiff's related state law claims; **GRANTS** Care One Defendants' motion to dismiss (ECF No. 33); and **DISMISSES** the remaining eight defendants without prejudice for failure to serve. This is a final order and closes the case.

**SO ORDERED.**

Date: September 10, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge